**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHERYL L. QUEEN,<br><br>Plaintiff,<br><br>v.<br><br>JAMAL TALIB, *et al.*,<br><br>Defendants. | ) | Civil Action No. 25-cv-04215-LKG<br><br>Dated: September 3, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff, Cheryl L. Queen, brings claims for violation of the Maryland Consumer Debt Collection Act (the "MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*, the Maryland Consumer Protection Act (the "MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*, and common law fraud, against the Defendants, Jamal Talib, Metro Public Adjustment, Inc. ("MPA") and Community Builders 1, LLC ("Community Builders"), arising from certain demolition work performed on her home. *See generally* ECF No. 2. The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 4 and 4-2. The motion is fully briefed. ECF Nos. 4, 4-2, 8 and 9. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court **DENIES** the Defendants' motion to dismiss (ECF No. 4).

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings claims for violation of the MCDCA and MCPA, and common law fraud against the Defendants, arising from certain demolition work performed on her home. *See generally* ECF No. 2. Specifically, the Plaintiff asserts the following three claims against the Defendants in the complaint: (1) violation of the MCDCA (Count I); (2) violation of the MCPA (Count II); and (3) common law fraud and intentional

[1] The facts recited in this memorandum opinion are taken from the Plaintiff's complaint, the Defendants' motion to dismiss and memorandum in support thereof, the Plaintiff's response in opposition thereto and the Defendants' reply brief. ECF Nos. 2, 4, 4-2, 8 and 9.

misrepresentation (Count III). *Id.* at 8-12. As relief, the Plaintiff seeks to recover monetary damages from the Defendants. *Id.* at 9, 11 and 12.

<u>The Parties</u>

Plaintiff Cheryl L. Queen is a resident of Maryland. *Id.* at ¶ 2.

Defendant Metro Public Adjustment, Inc. is a Pennsylvania corporation that conducts business in Maryland. *Id.* at ¶ 4.

Defendant Jamal Talib is a resident of Pennsylvania. *Id.* at ¶ 3.

Defendant Community Builders 1, LLC is a Pennsylvania limited liability company that conducts business in Maryland. *Id.* at ¶ 5.

<u>Background</u>

As background, the Plaintiff is the owner of a residential property located in Capitol Heights, Maryland. *Id.* at ¶ 2. Defendant MPA is a public adjusting firm that helps property owners in negotiating property loss and damage claims with insurance companies. *See id.* at ¶ 11; *see also* Metro Public Adjustment, Inc., www.metropa.com (last visited Sep. 2, 2026).

Defendant Jamal Talib is employed by MPA as a claims adjuster. ECF No. 2 at ¶ 4. Defendant Community Builders is a residential remodeling and renovation company that is owned by Mr. Talib. *Id.* at ¶ 5; *see also* Buildzoom, *Community Builders 1*, https://www.buildzoom.com/contractor/community-builders-1-llc (last visited Sep. 2, 2026).

<u>The MPA Contract And Demolition Work</u>

On May 2, 2024, the Plaintiff's home suffered severe damage caused by a fire, that forced her and her family to move out of the home. ECF No. 2 at ¶ 10. On May 16, 2024, the Plaintiff retained Defendant MPA to help her manage the insurance claims process related to the damage to her home. *See id.* at ¶ 11.

Pursuant to the terms of the contract that the Plaintiff entered into with MPA (the "MPA Contract"), the Plaintiff agreed to assign 10% of her insurance claim proceeds to MPA as a fee for its services. *Id.*; *see also* ECF No. 4-8 at 2. The MPA Contract also contains several "Maryland Disclosures," including the following language:

> EXCEPT AS DISCLOSED BELOW, NEITHER PUBLIC ADJUSTER NOR ANY IMMEDIATE FAMILY MEMBER OF THE PUBLIC ADJUSTER HAS ANY DIRECT OR INDIRECT FINANCIAL INTEREST WITH ANY OTHER PARTY THAT IS INVOLVED IN ANY ASPECT OF THE CLAIM, OTHER THAN THE SALARY, FEE, COMMISSION, OR OTHER CONSIDERATION ESTABLISHED IN THIS CONTRACT.

ECF No. 2 at ¶ 12; *see also* ECF No. 4-8 at 4.

The Plaintiff alleges that the "Defendants made no disclosure of Defendant Talib's ownership interest in Community Builders 1, LLC, nor of Community Builders' involvement in any aspect of [her] claim at the time of signing the contract." ECF No. 2 at ¶ 13. The Plaintiff also alleges that Defendant Talib, acting in the capacity as a public adjuster, persuaded her to hire Defendant Community Builders to perform the demolition of her home for $35,000.00. *Id.* at ¶ 14. The Plaintiff also alleges that Defendant Community Builders is not licensed as a contractor in the State of Maryland and that Defendant Talib "intentionally misled" her about the company's license, by sending her the company's business registration from the Maryland Department of Assessment and Taxation. *Id.* at ¶ 15.

Given this, the Plaintiff contends that the MPA Contract is void, because Defendant Community Builders is not licensed to perform work in Maryland. *Id.* at ¶ 16. The Plaintiff also contends that the "Defendants' continued demand for money relating to [the demolition work on her home] is without any legal basis." *Id.*

In addition, the Plaintiff alleges that Defendant Talib never submitted an invoice for the subject demolition work to her insurer and that he, instead, diverted funds directly from her insurance claim proceeds. *Id.* at ¶ 17. In this regard, the Plaintiff alleges that Defendant Talib took $10,000 from her first dwelling draw check, and later deducted an additional $10,000 from her personal property check, and applied these funds towards the charge for demolition work. *Id.*

The Plaintiff also alleges that the demolition work performed by Defendant Community Builders "was incomplete and unsatisfactory," because her "home was left with debris, concrete, and trash in the yard, and fixtures including a sauna tub and a toilet remained inside." *Id.* at ¶ 19. The Plaintiff further alleges that Defendants Talib and MPA "failed to diligently pursue [her] insurance claim," by, among other things, ignoring her phone calls and failing to respond to emails. *Id.* at ¶ 20.

Given this, the Plaintiff contends that the Defendants' failures prevented her from securing a licensed contractor to begin repairs on her home. *Id.* at ¶ 21. And so, the Plaintiff attempted to terminate the MPA Contract. *Id.* at ¶ 23. But, the Plaintiff alleges that "the Defendants continued to represent to [her] insurer and mortgage servicer that MPA remained authorized, [thereby] ensuring that MPA continued to be listed as a payee on her claim checks." *Id.* And so, the Plaintiff alleges that, as a direct and proximate result of the Defendants' acts and omissions, she has suffered harm, including: (a) depletion of additional living expense ("ALE") coverage, leaving her family at risk of displacement from temporary housing; (b) diversion of at least $20,000 in insurance proceeds to Defendant Community

Builders despite the fact that the contractor was not licensed; (c) unfinished and unsatisfactory demolition work; (d) inability to rebuild her home or access personal property depreciation; (e) continued withholding of claim proceeds due to the Defendants' refusal to remove themselves as payees; (f) emotional distress, including loss of sleep and worsening health issues; and (g) unjust enrichment of the Defendants at her expense. *Id.* at ¶ 24.

The Plaintiff's Claims

The Plaintiff asserts the following three claims in the complaint: (1) violation of the MCDCA, Md. Code Ann., Com. Law § 14-201 *et seq.* (Count I); (2) violation of the MCPA, Md. Code Ann., Com. Law § 13-101 *et seq.* (Count II); and (3) fraud and intentional misrepresentation (Count III). *Id.* at 8-12.[2]

With regards to her MCDCA claim set forth in Count I of the complaint, the Plaintiff alleges that the "Defendants, as public adjusters, engaged in conduct regulated by the MCDCA when they collected, or attempted to collect, monies directly from Plaintiff's insurance proceeds." *Id.* at 8. In this regard, the Plaintiff alleges that the Defendants violated Section 14-202(8) of the MCDCA by claiming, attempting, or threatening to enforce a right with knowledge that the right did not exist, including: (1) demanding and taking direct deductions from her dwelling and personal property checks for demolition charges payable to Defendant Community Builders, when Defendant Community Builders was unlicensed and not legally entitled to such payment and (2) continuing to represent themselves as payees entitled to her insurance proceeds after she terminated their authority. *Id.* The Plaintiff alleges that all Defendants engaged in this collection activity through the actions of Defendant Talib. *Id.* at 9.

In addition, the Plaintiff alleges that the Defendants also violated Section 14-202(11) of the MCDCA, "by demanding the payment of money that is not owed, because [Defendant Community Builders] is unlicensed." *Id.* at 9. And so, the Plaintiff contends that she has suffered damages, including lost insurance benefits, depletion of ALE, additional living expenses, and emotional distress, as a result of the Defendants' conduct. *Id.*

In her MCPA claim set forth in Count II in the complaint, the Plaintiff alleges that the Defendants are "merchants" or "persons" engaged in the sale and provision of services to consumers within the meaning of the MCPA, and that the Defendants violated the MCPA by engaging in unfair and deceptive trade practices, including: (1) misrepresenting the nature,

---

[2] The numbering of the paragraphs in the portion of the complaint that sets forth the Plaintiff's claims is not sequential. And so, the Court refers to the relevant page number of the complaint, rather than the paragraph number, when addressing the Plaintiff's claims.

quality, and licensure of Defendant Community Builders to perform demolition work; (2) failing to disclose Defendant Talib's ownership interest in Defendant Community Builders, despite a contractual duty of disclosure; (3) misrepresenting to the Plaintiff that the Defendants were entitled to deduct sums directly from her insurance claim checks; (4) misrepresenting LLC registration documents to the Plaintiff when she asked Defendant Talib directly for a copy of the license; and (5) providing vague, misleading and unprofessional invoices that omitted material facts. *Id.* at 10. In this regard, the Plaintiff alleges that the Defendants' "unfair and deceptive trade practices" misled her and that she reasonably relied upon the Defendants' statements and omissions. *Id.* And so, the Plaintiff contends that she has suffered actual damages, including the loss of insurance proceeds, out-of-pocket expenses and severe emotional distress. *Id.*

Lastly, in her fraud and intentional misrepresentation claim set forth in Count III of the complaint, the Plaintiff alleges that the Defendants, through Defendant Talib, "made materially false statements and omissions to her with the intent to deceive, or in the alternative, with reckless disregard as to the truth of the representation." *Id.* at 11. In this regard, the Plaintiff alleges that Defendant Talib's materially false statements include: (1) Defendant Talib's email that he sent on behalf of Defendants MPA and Community Builders on August 5, 2024, which stated that Defendant Community Builders was licensed but included an attachment of an LLC registration and (2) Defendant Talib's failure to inform her that he and his companies, Defendants MPA and Community Builders, were performing unlicensed work on her home. *Id.* The Plaintiff alleges that she reasonably relied on these "intentional misrepresentations and material omissions." *Id.*

Given this, the Plaintiff contends that she was harmed by the Defendants' intentional misrepresentations and material omissions, because her insurance claim has been delayed and the unlicensed work continues to impact the pending insurance claim process with further delays and added expense. *Id.* And so, the Plaintiff seeks to recover monetary damages from the Defendants. *Id.* at 12.

**B. Relevant Procedural Background**

The Plaintiff commenced this civil action on November 4, 2025, in the Circuit Court for Prince George's County, Maryland and the Defendants removed the case to this Court on December 20, 2025. ECF Nos. 1 and 2.

On December 26, 2025, the Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 4 and 4-2. On January 9,

2026, the Plaintiff filed a response in opposition to the Defendants' motion to dismiss. ECF No. 8.

On January 12, 2026, the Defendants filed a reply brief. ECF No. 9.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) provides that claims that sound in fraud are subject to a heightened pleading standard, which requires that "the circumstances constituting fraud" be stated "with particularity." Fed. R. Civ. P. 9(b). Given this, a plaintiff must plead with particularity, "who made what false statement, when, and in what manner . . .; why the statement is false; and why a finder of fact would . . . conclude that the defendant acted with scienter . . . and with the intention to persuade others to rely on the false statement." *Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 747 (D. Md. 2023) (alterations in original) (internal quotations omitted) (quoting *McCormick v. Medtronic, Inc.*, 101 A.3d 467, 492–93 (2014)).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

**C. The MCDCA**

The Maryland Consumer Debt Collection Act prohibits, among other things, a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist," or "[e]ngag[ing] in any conduct that violates §§ 804 through 812 of the Federal Fair Debt Collection Practices Act" ("FDCPA").[3] Md. Code Ann., Com. Law § 14-202(8) and (11); *see also Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 372 (4th Cir. 2022). The MCDCA defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b). A "person" is defined under the MCDCA as "an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity." *Id.* at § 14-201(d). The statute also defines a "consumer transaction" as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." *Id.* at § 14-201(c).

To state a claim under the MCDCA, a plaintiff generally must allege facts to show that: (1) the defendant "did not [possess] the right to collect the amount of debt sought" and (2) the defendant "attempted to collect the debt knowing that they lacked the right to do so." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 420 (D. Md. 2018) (citing *Lewis v. McCabe, Weisberg & Conway, LLC*, 2014 WL 3845833, at *6 (D. Md. Aug. 4, 2014)) (internal citation omitted). In this regard, the "knowledge" requirement under the statute requires that a plaintiff show that the defendant "attempt[ed] to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Fontell v. Hassett*, 870 F. Supp. 2d 395, 407 (D. Md. 2012) (quoting *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 732 (D. Md. 2011)) (internal quotations omitted). In addition, this Court has held that a MCDCA claim is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b), which requires a plaintiff to plead "with particularity the circumstances constituting fraud." *Butler v. Citizens Bank, N.A.*, No. 17-3417, 2018 WL 2840413, at *4 (D. Md. June 11, 2018); *see also* Fed. R. Civ. P. 9(b).

**D. The MCPA**

The Maryland Consumer Protection Act prohibits unfair, abusive, or deceptive trade practices including, "[f]alse, falsely disparaging, or misleading oral or written statement,

---

[3] The FDCPA "protects consumers from the abusive and deceptive practices employed by some debt collectors." *Spencer v. Henderson-Webb, Inc.*, 81 F. Supp. 2d 582, 590 (D. Md. 1999).

visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers" and "failure to state a material fact if the failure deceives or tends to deceive." Md. Code Ann., Com. Law § 13-301(1) and (3). To state a claim under the MCPA, a plaintiff must allege facts to show that: "(1) the defendant engaged in an unfair or deceptive practice or misrepresentation, (2) the plaintiff relied upon the misrepresentation, and (3) doing so caused the plaintiff actual injury." *Barr*, 303 F. Supp. 3d at 416 (quoting *Palermino v. Ocwen Loan Servicing, LLC*, No. 14-0522, 2015 WL 6531003, at *2 (D. Md. Oct. 26, 2015)) (internal citation omitted). In addition, a MCPA claim is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b), which requires a plaintiff to plead "with particularity the circumstances constituting fraud." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013); *see also* Fed. R. Civ. P. 9(b). And so, a plaintiff is "required to allege the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Marchese*, 917 F. Supp. 2d at 465 (quotation omitted).

### E. Fraud And Intentional Misrepresentation

Lastly, to state a fraud or intentional misrepresentation claim under Maryland law, a plaintiff must allege fact to show the following five elements, with particularity: "(1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result." *Marchese*, 917 F. Supp. 2d at 465 (quotation omitted) (stating the elements of a fraud claim); *McNierney v. McGraw-Hill, Inc.*, 919 F. Supp. 853, 860 (D. Md. 1995) (stating nearly identical elements for an intentional misrepresentation claim).

## IV. ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), upon the following grounds: (1) each claim in the complaint fails as a matter of law, because the Plaintiff generally asserts these claims against all three Defendants in a group pleading manner; (2) the Plaintiff's MCDCA claim also fails as a matter of law, because the complaint does not allege the existence of a consumer debt, the Plaintiff fails to plead facts to show the Defendants had knowledge that a right did not exist, and the Plaintiff relies upon group pleading to support this claim; (3) the Plaintiff's MCPA claim similarly fails as a matter of law, because the Plaintiff fails to plead an actionable deceptive trade practice, reliance, or cognizable damages, and "relies on regulatory and licensing theories that do not apply to the

conduct at issue;" and (4) the Plaintiff's fraud and intentional misrepresentation claim is not plausible, because the Plaintiff: (a) fails to plead the alleged fraud with particularity as required under Fed. R. Civ. P. 9(b); (b) fails to plead scienter; and (c) seeks only economic losses arising from a contractual relationship. ECF No. 4-2 at 5-15. And so, the Defendants request that the Court dismiss the complaint. *Id.* at 15.

In her response in opposition to the Defendants' motion to dismiss, the Plaintiff counters that the Court should not dismiss this matter, because: (1) she pleads Defendant Talib's conduct as the operative conduct for Defendants MPA and Community Builders in the complaint; (2) the complaint states a plausible MCDCA claim, with particularity, because she alleges that the Defendants sought to extract a consumer debt and that the Defendants had knowledge that a right to collect this debt did not exist; (3) the complaint also states a plausible MCPA claim, with particularity, as to each Defendant, because she alleges concrete deceptive acts by the Defendants, reliance and injury; and (4) her fraud and intentional misrepresentation claim is also pleaded with particularity as to each Defendant and the economic loss doctrine does not apply to this claim. ECF No. 8 at 4-16. And so, the Plaintiff requests that the Court deny the Defendants' motion to dismiss. *Id.* at 16.

For the reasons that follow, a careful reading of the complaint shows that the Plaintiff sufficiently pleads the claims in this case as to each of the Defendants. A careful reading of the complaint also shows that the Plaintiff states plausible MCDCA claims against the Defendants under Sections 14-202(8) and (11), because the complaint contains sufficient factual allegations to show: (1) the existence of a consumer debt; (2) that the Defendants are "collectors" under the MCDCA; and (3) that the Defendants did not possess a right to collect this debt.

The complaint also makes clear that the Plaintiff states a plausible MCPA claim in this case, because the complaint contains sufficient factual allegations to show, with particularity, that: (1) the Defendants made false or misleading statements and omissions regarding the demolition work on her home; (2) the Plaintiff relied on these statements and omissions; and (3) the Plaintiff suffered actual damages as a result. Lastly, the Court is also satisfied that the Plaintiff states a plausible fraud and intentional misrepresentation claim in this case, with regards to Defendant Talib's statements that Defendant Community Builders is licensed in the State of Maryland, because the complaint alleges, with particularity, the who, what, when and where of this alleged fraudulent conduct. And so, the Court DENIES the Defendants' motion to dismiss (ECF No. 4).

### A. The Complaint Should Not Be Dismissed For Impermissible Group Pleading

As an initial matter, the Court declines to dismiss the complaint for impermissible "group pleading," because the complaint sufficiently alleges facts for the Court to infer liability as to each Defendant in this case. A group pleading is a pleading that "attributes allegations to 'a subset of defendants' rather than to 'a particular defendant.'" *Navient Sols., LLC v. Law Offices of Jeffery Lohman*, No. 19-461, 2020 WL 1867939, at *7 (E.D. Va. Apr. 14, 2020) (quoting *J.A. v Miranda*, No. 16-3953, 2017 WL 3840026, at *3 (D. Md. Sep. 1, 2017)). And so, the Fourth Circuit has held that such a pleading fails to satisfy the pleading requirements under Fed. R. Civ. P. 8(a), because a plaintiff must plead "sufficient facts to allow the court to infer liability as to *each* defendant." *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (emphasis in original) (citation omitted).

In this case, the Plaintiff asserts claims against three different Defendants: Jamal Talib, MPA and Community Builders. *See generally* ECF No. 2. As the Defendants correctly observe, in doing so, the complaint, at times, refers collectively to the "Defendants" in explaining the factual basis for the Plaintiff's claims. *See, e.g.*, *id.* at ¶¶ 13, 16, 18 and 23.

But the factual allegations in the complaint also make clear that the three Defendants are interrelated and that Defendant Talib was both the adjuster assigned by Defendant MPA and the owner of Defendant Community Builders. *Id.* at ¶¶ 3-5 and 13-14. The complaint also alleges facts to show that Defendant Talib, at times, acted on behalf of Defendants MPA and Community Builders. *See, e.g.*, *id.* at ¶¶ 13-15, 17 and 19.

More importantly, the complaint contains specific factual allegations regarding the alleged conduct of each of the Defendants. *See, e.g.*, *id.* at ¶¶ 14 and 15 (alleging that Defendant Talib persuaded the Plaintiff to hire Defendant Community Builders and misled the Plaintiff about Defendant Community Builders' license); *id.* at ¶ 19 (alleging that the demolition work performed by Defendant Community Builders was incomplete and unsatisfactory); *id.* at ¶ 20 (alleging that Defendants Talib and MPA failed to diligently pursue the Plaintiff's insurance claim).

Given these factual allegations, the Court is able to infer liability for the alleged MCDCA, MCPA and fraud claims in this case with regards to each Defendant. *See Langford*, 62 F.4th at 126. And so, the Court is satisfied that complaint alleges sufficient facts to put the Defendants on notice of the claims brought against them in this case.

### B. The Plaintiff States A Plausible MCPA Claim

A careful reading of the complaint also shows that the Plaintiff states a plausible MCPA claim. To state a claim under the MCPA, the Plaintiff must allege facts to show that: (1) the

Defendants engaged in an unfair or deceptive practice or misrepresentation; (2) the Plaintiff relied upon the misrepresentation; and (3) doing so caused the Plaintiff actual injury. *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 416 (D. Md. 2018) (quoting *Palermino v. Ocwen Loan Servicing, LLC*, No. 14-0522, 2015 WL 6531003, at *2 (D. Md. Oct. 26, 2015)) (internal citation omitted). The Plaintiff's MCPA claim is also subject to the heightened pleading standard under Fed. R. Civ. P. 9(b), which requires that the Plaintiff plead "with particularity the circumstances constituting fraud." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013); *see also* Fed. R. Civ. P. 9(b).

The Court is satisfied that the complaint in this case meets these requirements, because the complaint contains factual allegations to show that: (1) the Defendants made misrepresentations about Defendant Community Builders' licensure to perform demolition work in Maryland; (2) the Defendants failed to disclose Defendant Talib's ownership interest in Defendant Community Builders; (3) the Defendants provided "vague" invoices to the Plaintiff; and (4) the Plaintiff relied upon these misrepresentations and suffered damages as a result. Notably, in the complaint, the Plaintiff alleges that Defendant Talib engaged in an unfair or deceptive trade practice by engaging in the following conduct:

- Defendant Talib did not disclose his ownership interest in Defendant Community Builders before she executed the MPA Contract. ECF No. 2 at ¶¶ 13 and 14.

- Defendant Talib falsely assured the Plaintiff that the price for the demolition work was "a fair price" and would "help 'get the ball rolling' on rebuilding her home." *Id.* at ¶ 14.

- Defendant Community Builders was not licensed in the State of Maryland. *Id.*

- Defendant Talib sent a misleading email to the Plaintiff, that provided Defendant Community Builders' business registration from the Maryland Department of Assessments and Taxation, to suggest that Defendant Community Builders was licensed to perform demolition work in Maryland. *Id.* at ¶ 15.

- The Defendants provided misleading invoices to the Plaintiff. *Id.* at ¶ 18.

These factual allegations, taken as true, show false or misleading statements that had the capacity and tendency to deceive the Plaintiff. *See* Md. Code Ann., Com. Law § 13-301(1) and (3).

The complaint also contains factual allegations to show that the Plaintiff reasonably relied on the Defendants' misrepresentations regarding, among other things, Defendant Community Builders' qualifications, in agreeing to retain Defendants MPA and Community Builders to provide claims adjuster services and demolition work related to her home. *Id.* at ¶ 25. The complaint similarly contains factual allegations to show that the Plaintiff suffered damages, including loss of insurance proceeds, out-of-pocket expenses and severe emotional distress, as a result the Defendants' conduct. *Id.* at ¶¶ 21 and 24.

Given this, the Court is satisfied that the complaint alleges facts, with particularity, to state a plausible claim under the MCPA. *Barr*, 303 F. Supp. 3d at 416. And so, the Court declines to dismiss the Plaintiff's MCPA claim in Count II of the complaint.

**C. The Plaintiff States A Plausible Fraud Claim**

The Defendants also argue without persuasion that the Plaintiff's fraud claim in Count III of the complaint is not plausible. To state a fraud or intentional misrepresentation claim under Maryland law, the Plaintiff must allege with particularity facts to show five elements: (1) the Defendants made a false statement of fact; (2) the Defendants knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the Defendants made the statement for the purpose of defrauding the Plaintiff; (4) the Plaintiff reasonably relied on the false statement, and (5) the Plaintiff was damaged as a result. *Marchese*, 917 F. Supp. 2d at 465 (quotation omitted) (stating the elements of a fraud claim); *McNierney v. McGraw-Hill, Inc.*, 919 F. Supp. 853, 860 (D. Md. 1995) (stating nearly identical elements for an intentional misrepresentation claim). A careful reading of the complaint shows that the Plaintiff satisfies this requirement.

In the complaint, the Plaintiff alleges that the Defendants made materially false statements and omissions to her, with regards to Defendant Community Builders' licensure in the State of Maryland. ECF No. 2 at ¶ 36. To support this claim, the Plaintiff alleges that Defendant Talib made a misrepresentation in his August 5, 2024, email to her, by stating that Defendant Community Builders was licensed to do work in Maryland and attaching the company's business registration from the Maryland Department of Assessments and Taxation, which does not show proper licensure to do the demolition work. *Id.* at ¶¶ 15 and 37. The Plaintiff also alleges that Defendant Talib made material omissions by failing to inform her that he and Defendants Community Builders and MPA were performing unlicensed work on her home. *See id.* at ¶¶ 15, 16 and 38.

In addition, the Plaintiff alleges that Defendant Talib knew that the statement in the August 5, 2024, email was false, because he attached the business registration to the email,

rather than attaching proof of licensure. *Id.* at ¶¶ 15 and 37. The Plaintiff also alleges that she had a right to rely on, and did reasonably rely on, Defendant Talib's misrepresentations in the email and, as a result, agreed to have Defendant Community Builders perform the demolition work on her home. *Id.* at ¶¶ 19 and 37. Lastly, the Plaintiff alleges that she suffered damages as a result of the misrepresentations in the subject email, because her insurance claim has been delayed and the unlicensed work continues to impact the pending insurance claim, adding further delay and expenses. *Id.* at ¶¶ 21, 24 and 37.

Given these factual allegations, the Court is satisfied that the Plaintiff states a plausible fraud/intentional misrepresentation claim in the complaint. And so, the Court also declines to dismiss the Plaintiff's fraud claim in Count III of the complaint.

**D. The Plaintiff States A Plausible MCDCA Claim**

While a closer question, the Court is also satisfied that the complaint contains sufficient factual allegations to state a plausible claim under the MCDCA. The MCDCA prohibits, among other things, a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist," or "[e]ngag[ing] in any conduct that violates §§ 804 through 812 of the FDCPA." Md. Code Ann., Com. Law § 14-202(8) and (11); *see also Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 372 (4th Cir. 2022). The MCDCA defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b).

To state a claim under the MCDCA, the Plaintiff generally must allege facts to show that: (1) the Defendants "did not [possess] the right to collect the amount of debt sought" and (2) the Defendants "attempted to collect the debt knowing that they lacked the right to do so." *Barr*, 303 F. Supp. 3d at 420 (citing *Lewis v. McCabe, Weisberg & Conway, LLC*, 2014 WL 3845833, at *6 (D. Md. Aug. 4, 2014)) (internal citation omitted). In this regard, the "knowledge" requirement under the statute requires that the Plaintiff show that the Defendants "attempt[ed] to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right.'" *Fontell v. Hassett*, 870 F. Supp. 2d 395, 407 (D. Md. 2012) (quoting *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 732 (D. Md. 2011)). Similar to the other claims in this case, the Plaintiff's MCDCA claim is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b). *Butler v. Citizens Bank, N.A.*, No. 17-3417, 2018 WL 2840413, at *4 (D. Md. June 11, 2018); *see also* Fed. R. Civ. P. 9(b).

Because the MCDCA and the MCPA are remedial consumer protection statutes, the Fourth Circuit has held that these statute "must be liberally construed, in order to effectuate [their] broad remedial purpose." *Alexander*, 23 F.4th at 374 (quoting *Andrews & Lawrence*

*Pro. Servs., LLC v. Mills*, 223 A.3d 947, 968 (Md. 2020)). The Fourth Circuit has also held that a MCDCA plaintiff need not show that a defendant is a "debt collector" under the FDCPA to establish a Section 14-202(11) violation under the MCDCA. *Alexander*, 23 F.4th at 375-76 (holding that the MCDCA's broader definition controls and is not displaced by the federal definition).

In this case, the Defendants argue with some persuasion, that the Plaintiff's MCDCA claims are not plausible, because the Plaintiff fails to allege facts to show the existence of a consumer debt, or that the Defendants were "collecting or attempting to collect an alleged debt." Md. Code Ann., Com. Law § 14-202. But the complaint does allege that the Plaintiff hired Defendant Community Builders to perform demolition work on her home and that Defendant Talib "diverted funds" from the insurance claim proceeds to collect $20,000 to apply towards the demolition charge. ECF No. 2 at ¶¶ 14 and 17. The Plaintiff also alleges in the complaint that the Defendants "continued to demand money relating to" the demolition work and that the "Defendants, as public adjusters, engaged in conduct regulated by the MCDCA when they collected, or attempted to collect, monies directly from Plaintiff's insurance proceeds." *Id.* at ¶¶ 16 and 27. And so, taken as true, these factual allegations plausibly show the existence of a consumer debt and that the Defendants collected, or attempted to collect, this debt.

The factual allegations in the complaint are also sufficient to show that the Defendants are a "collector" under the MCDCA, because this statute broadly defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b). The Defendants are clearly "person[s]" under the MCDCA, because they are either an individual, a corporation, or another legal commercial entity. *Id.* at § 14-201(d). The Plaintiff also convincingly argues that her arrangement with the Defendants to help with her insurance claim, and to provide demolition work on her home, constitutes a "consumer transaction" under the MCDCA, because these activities involved a person seeking or acquiring services for personal, family, or household purposes. *Id.* at § 14-201(c).

In addition, the complaint contains factual allegations that, taken as true, show that the Defendants attempted to collect the debt with "knowledge" that they lacked the right to do so. ECF No. 2 at ¶¶ 15, 17 and 28 (alleging that the Defendants demanded and took direct deductions from her insurance proceeds when Defendant Community Builders was unlicensed and therefore not legally entitled to such payment); *id.* at ¶ 23 (alleging that the Plaintiff attempted to terminate her contract with Defendant MPA and revoke Defendant

Talib's power of attorney but that the Defendants continued to represent to her insurer and mortgage servicer that Defendant MPA remained authorized); *see also Fontell*, 870 F. Supp. 2d at 407.

Given this, the complaint contains sufficient factual allegations to allege, with particularity, that the Defendants had "knowledge" that they lack the right to collect the debt from the Plaintiff. And so, the Court also declines to dismiss the Plaintiff's MCDCA claim in Count I of the complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss (ECF No. 4).

A separate Order consistent with this Memorandum Opinion issued on September 2, 2026.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge